**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TERRY SHERIDAN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | No. 3:14-cv-01251 |
| | ) | **Judge Campbell/Bryant** |
| **v.** | ) | |
| | ) | |
| **AFNI, INC.** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**To: The Honorable Judge Todd J. Campbell, United States District Judge**

## REPORT AND RECOMMENDATION

### I.     Introduction

Pending before the Court is Defendant's Motion to Dismiss and Memorandum of Law in Support. (Docket Entry 13 and 14).  For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED** and that the Court grant Plaintiff 14 days leave to amend his Complaint.

### II.     Factual and Procedural Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint on May 30, 2014 pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 *et seq.* (Docket Entry 1). Plaintiff asserts that on or about March 18, 2014, after obtaining his credit reports, "he noticed and found an inquiry by [D]efendant . . . to obtain Plaintiff's consumer credit report on May 29, 2013." (Docket Entry 1, p. 2). Plaintiff argues that Defendant obtained the report without a "permissible purpose" in violation of 15 U.S.C. §§ 1681b and 1681q. (Docket Entry 1, pp. 2-3). On July 08, 2014, the District Judge referred this case to the Magistrate Judge. (Docket Entry 8).

On July 31, 2014, Defendant filed the instant Motion. (Docket Entry 13 and 14). Defendant identifies itself as "a debt collector" and argues that Plaintiff's Complaint under 15 U.S.C. § 1681b must be dismissed because "Plaintiff has not and cannot allege that [Defendant] pulled his credit report for an impermissible purpose . . . ." (Docket Entry 14, pp. 6-7). Defendant also argues that Plaintiff's claim under 15 U.S.C. § 1681q must fail "because Plaintiff has not alleged that [Defendant] acted under false pretenses." (Docket Entry 14, p. 7). Plaintiff filed a Motion for Default Judgment that the Clerk denied. (Docket Entry 17 and 18). Plaintiff has not filed a Response to the instant Motion. Therefore, this matter is properly before the Court.

### III.     Legal Standard

Federal Rule of Civil Procedure (FED. R. CIV. P.) 12(b)(6) governs motions to dismiss for failure to state a claim. "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). Instead, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . . ." *Bell Atl. Corp.*, 550 U.S. at 556. A complaint will survive a motion to dismiss if it includes:  (1) facts to support a plausible claim; (2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.* at 555-56. Of course, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, the pleading standard in FED. R. CIV. P. 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft,* 556 U.S. at 678-79.

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005) (citation omitted) (unpublished opinion).

## IV.    Analysis

### A.    Stating a Claim Under 15 U.S.C. §§ 1681b and 1681q

The provisions of the FCRA at issue here are 15 U.S.C. §§ 1681b and 1681q. 15 U.S.C. § 1681b lists the "limited circumstances under which a consumer reporting agency or a user of credit reports may furnish or utilize a consumer report." *Jones v. Federated Fin. Reserve Corp.,* 144 F.3d 961, 964 (6th Cir.1998). 15 U.S.C. § 1681q "provides a cause of action for obtaining credit information under false pretenses." *Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 843 (5th Cir. 2004).

To state a claim under the FCRA, a plaintiff must plead that the defendant is subject to the FCRA as a consumer reporting agency, a user of consumer reports, or a furnisher of information to consumer reporting agencies. *See Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004)(citation omitted)(unpublished opinion). To state a claim for improper use of a credit report, a plaintiff must plead that the defendant acted with willfulness under 15 U.S.C. § 1681n or negligence under 15 U.S.C. § 1681o. *See Bickley v. Dish Network, LLC,* 751 F.3d 724, 728 (6th Cir. 2014). Plaintiff must also plead that there was a consumer report, that the defendant used or obtained the consumer report, and that the defendant lacked a permissible purpose for doing so. *See Bickley, LLC,* 751 F.3d at 728.

To state a claim under 15 U.S.C. § 1681q specifically, a plaintiff must plead that the defendant "(1) knowingly and willfully obtain[ed] a consumer report for a purpose that is not

sanctioned by the FCRA and (2) fail[ed] to disclose his true motivation to the consumer reporting agency." *Shelton v. NCO Fin. Sys. Inc.,* No. 3:13-CV-903, 2013 WL 2239132, at *3 (N.D. Ohio May 21, 2013)(citation omitted).

The Magistrate Judge finds that Plaintiff sufficiently, if barely, states a claim under 15 U.S.C. § 1681b but fails sufficiently to state a claim under 15 U.S.C. § 1681q. The Magistrate Judge recommends that the Court grant Plaintiff 14 days leave to amend his Complaint.

## B.    15 U.S.C. § 1681b

The Magistrate Judge first finds that Plaintiff sufficiently pleads that Defendant is subject to the FCRA as a user of consumer reports although Plaintiff states that Defendant is a "credit furnisher." (Docket Entry 1, p. 2). Regarding the term "furnisher," the Sixth Circuit has stated:

> Under the FCRA, ***those who furnish information to consumer reporting agencies*** have two obligations: (1) to provide accurate information [15 U.S.C. § 1681s-2(a)]; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished [[15 U.S.C. § 1681s-2(b)] . . . . If it is assumed that a private right of action exists under [15 U.S.C. § 1681s-2(b)], the plaintiff must show that the furnisher received notice from a consumer reporting agency, not [from] the plaintiff, that the credit information is disputed.

*Downs v. Clayton Homes, Inc.,* 88 F. App'x 851, 853-54 (6th Cir. 2004)(citation omitted)(unpublished opinion)(emphasis added). Therefore, when a plaintiff fails to plead that he filed a dispute about a transaction on his credit report with a credit reporting agency first and instead pleads that he filed a complaint with a "furnisher" directly, his claim under the FCRA will fail. *Downs,* 88 F. App'x at 854. The wrinkle here is that Plaintiff does not plead that Defendant furnished anything to a consumer reporting agency or that he disputed a transaction on his consumer report. Instead, Plaintiff pleads that Defendant, a debt collector, obtained Plaintiff's credit report in "violation of 15 U.S.C. 1681(b)." (Docket Entry 1, p. 2). As the Fourth Circuit has found, 15 U.S.C. 1681(b) applies "broadly to users of consumer credit information, including debt collectors." *Robinson v. Greystone Alliance, LLC,* No. BPG-10-3658, 2011 WL

2601573, at *2 (D. Md. June 29, 2011)(citation omitted). 15 U.S.C. § 1681m, which governs the requirements on users of consumer reports, also provides that particular prohibitions therein apply to debt collectors. 15 U.S.C. § 1681m(f)(2). Therefore, liberally construing the Complaint, the Magistrate Judge finds that Plaintiff sufficiently pleads that Defendant is subject to the FCRA as a user of consumer reports.

Next, the Magistrate Judge finds that Plaintiff barely but sufficiently pleads that Defendant acted willfully or negligently. Plaintiff pleads that Defendant acted without Plaintiff's permission, demonstrating "a willful violation of 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy." (Docket Entry 1, p. 3). Plaintiff also pleads that Defendant breached a duty to determine if there was a permissible purpose for obtaining the report; suggesting but not stating that Defendant was negligent. (Docket Entry 1, p. 3). Plaintiff does not explicitly distinguish between culpability standards. Yet, construing the Complaint liberally, the Magistrate Judge finds that Plaintiff sufficiently pleads this part of the claim.

Next, the Magistrate Judge finds that Plaintiff sufficiently pleads that his "credit report is a consumer report within the meaning of the FCRA . . . ." (Docket Entry 1, p. 2). Also, Defendant concedes that it obtained Plaintiff's consumer report. (Docket Entry 14, p. 6).

Finally, the Magistrate Judge finds that Plaintiff sufficiently pleads that Defendant obtained his credit report without a permissible purpose. Defendant argues that debt collection is a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) and that Plaintiff's Complaint fails sufficiently to assert that Defendant did not obtain his report for this purpose. (Docket Entry 14, p. 6).[1]

---

1 The Magistrate Judge notes Defendant's argument that "[T]he entity pulling the credit report must only have the 'intent' that it was pulling the report for a permissible purpose . . . . [15 U.S.C. § 1681b(a)(3)(A)] turns on the user's intent, not on what the actual true facts may be." (Docket Entry 14, p. 5)(citing *Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. CIV.A. 11-0427-WS-B, 2011 WL 5401993, at *7 (S.D. Ala. Nov. 7, 2011)(citing *Trikas v.*

15 U.S.C. § 1681b(a)(3)(A) provides that:

> "*[s]ubject to subsection (c)* . . . , any consumer reporting agency may furnish a consumer report . . . to a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review or *collection of an account of*, the consumer . . . ."

15 U.S.C. § 1681b(a)(3)(A)(emphasis added). As a threshold matter, "collection of an account" means "debt collection." *See Phillips v. Grendahl,* 312 F.3d 357, 366 (8th Cir. 2002) *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47 (2007).

Subsection (c), or 15 U.S.C. § 1681b(c), provides that "a consumer credit report may be furnished in connection with a credit transaction that is *not initiated by the consumer* if the applicable transaction consists of a firm offer of credit, or the consumer authorizes the report." *Kennedy,* 369 F.3d at 842 (citing 15 U.S.C. § 1681b(c)(1)(A))(emphasis added). Therefore, a party such as Defendant "may rely on [15 U.S.C. § 1681b(a)(3)(A)] *only if the consumer initiates the transaction.* A third party cannot troll for reports, nor can it request a report on a whim." *Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.,* 427 F.3d 1043, 1047 (7th Cir. 2005)(emphasis added). So, a third party lender may request a credit report for a car buyer and fall within the ambit of 15 U.S.C. § 1681b(a)(3)(A) because the consumer initiates the transaction. *See Stergiopoulos & Ivelisse Castro,* 427 F.3d at 1047. This would suggest that Defendant here cannot rely on 15 U.S.C. § 1681b(a)(3)(A) because Plaintiff did not plainly initiate any underlying transaction.

However, under 15 U.S.C. § 1681a(m), a "credit . . . transaction that is *not initiated by the consumer* . . . *does not include* the use of a consumer report by a person with which the

---

*Universal Card Services Corp.,* 351 F.Supp.2d 37, 42–43 (E.D.N.Y. 2005))). However, this argument and the identical case law has failed in this Court before. *See In re Allstate Ins. Co. Underwriting & Rating Practices Litig.,* 917 F. Supp. 2d 740, 749 (M.D. Tenn. 2008) ("The 'intent' provision [of 15 U.S.C. § 1681b(a)(3)(A)] plainly concerns the mind set of the consumer reporting agency, *i.e.,* a consumer reporting agency may furnish consumer data to an entity . . . so long as that agency believes . . . [the entity] 'intends' to use the information for a permissible purpose. Whether [the entity] actually uses the information for that permissible purpose is another question.").

consumer has an account . . . for purposes of . . . collecting the account." 15 U.S.C. § 1681a(m)(2)(emphasis added). The issue becomes whether the Plaintiff had such an account.[2]

As the Central District of California held in a factually similar motion for judgment on the pleadings:

> While defendants *could* permissibly obtain plaintiff's credit report in connection with the collection of a debt they had been authorized to collect on behalf of a third party, where that third party had entered into a consumer credit transaction with plaintiff, there are no allegations in plaintiff's complaint that support such a finding . . . .

*Grigoryan v. Convergent Outsourcing, Inc.,* No. CV 12-1499-CAS PLAX, 2012 WL 4475455, at *4 (C.D. Cal. Sept. 24, 2012). Here as well, Plaintiff does not indicate or acknowledge that he had an account with a third party that could give rise to a permissible purpose for Defendant to obtain Plaintiff's credit report while attempting to collect a debt to that third party. To be sure, other Courts have found *Grigoryan v. Convergent Outsourcing* inapposite when a plaintiff acknowledged that a debt existed, albeit a disputed debt, because a debt collector therefore had a permissible purpose for obtaining a credit report. *See Searle v. Convergent Outsourcing, Inc.,* No. CIV.A. 13-11914-PBS, 2014 WL 4471522, at *4 (D. Mass. June 12, 2014).

Here, Plaintiff pleads that he "never had any business dealings with . . . [D]efendant, ***nor has Plaintiff applied for any credit or services***, or employment . . . , neither has Plaintiff executed any contracts resulting in an account in favor of . . . [Defendant]." (Docket Entry 1, p. 2) (emphasis added). He pleads that "***[t]here was no account*** that Defendant had a right to

---

2 The Federal Trade Commission's Commentary on 15 U.S.C. § 1681b(a)(3)(A) clarifies that a collection agency "has a permissible purpose under this section to receive a consumer report on a consumer for use in attempting to collect that consumer's debt, ***regardless of whether that debt is assigned or referred for collection***." Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act, 55 FR 18804-01, (May 4, 1990) (emphasis added).

collect . . . ." (Docket Entry 1, p. 3)(emphasis added).[3] Therefore, the Magistrate Judge finds that Plaintiff sufficiently pleads that Defendant obtained the report without a permissible purpose.

The Magistrate Judge finds that Plaintiff sufficiently, but barely, states a claim under 15 U.S.C. § 1681b and recommends that the Court grant Plaintiff 14 days leave to amend his Complaint.

### C. 15 U.S.C. § 1681q

The Magistrate Judge finds that Plaintiff fails to state a claim for false pretenses under 15 U.S.C. § 1681q. Specifically, Plaintiff fails to plead that Defendant was deficient in disclosing its motivation for obtaining Plaintiff's consumer report to a consumer reporting agency. However, the Magistrate Judge recommends that the Court grant Plaintiff 14 days leave to amend his Complaint to the extent that he can proffer *facts* regarding this claim.

---

3 The Magistrate Judge notes that to the extent that Defendant avers that there was such an account, the Court can appropriately examine those allegations and supporting evidence on a motion for summary judgment.

# V.    Conclusion

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED** and that the Court grant Plaintiff 14 days leave to amend his Complaint.

Under Fed. R. Civ. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein.  A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 5th day of February, 2015

s/John S. Bryant

John S. Bryant

U.S. Magistrate Judge
